**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kathy L. Fushi,<br><br>        Plaintiff,<br><br>vs.<br><br>Bashas', Inc.,<br><br>        Defendant. | No. 10-CV-2519-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 5). For the reasons set forth herein, the Court grants Defendant's motion.[1]

**BACKGROUND**

This case arises out of an employment relationship between Plaintiff, Kathy Fushi, and Defendant, Bashas', Inc. ("Bashas'"). (Doc. 1-1). Plaintiff alleges that her employer, Defendant, discriminated against her in violation of Title VII by treating her differently because of her gender, created a hostile work environment, and retaliated against her for opposing a practice made unlawful under Title VII. (*Id.*). In addition, Plaintiff alleges that Defendant's adverse actions caused her to request leave pursuant to the Family and Medical

---

[1] It appears from the Motion to Dismiss (Doc. 5) that Defendant may have overlooked section V of Plaintiff's Complaint, which sets forth facts supporting her various claims. Nevertheless, the Court agrees that Plaintiff has not alleged sufficient facts to meet the 12(b)(6) standard.

Leave Act ("FMLA"), and that Bashas' subjected her to an adverse employment action in retaliation for her FMLA leave. (*Id.*).

Defendant filed a Motion to Dismiss on the grounds that Plaintiff failed to state a claim upon which relief can be granted, or in the alternative, requested a more definite statement of Plaintiff's claims. (Doc. 5). After the Motion was fully briefed, Plaintiff, without the Court granting leave to do so, filed a sur-reply entitled Response to Defendant's Reply for More Definite Statement. (Doc. 11).[2]

## DISCUSSION

### I. LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

---

[2] Neither the federal nor local rules of procedure provide for the filing of a sur-reply. Because Plaintiff filed her sur-reply without leave of this Court to do so, the additional facts and arguments raised therein cannot be considered for purposes of deciding this Motion to Dismiss. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

1    When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll
2 allegations of material fact are taken as true and construed in the light most favorable to the
3 nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal
4 conclusions couched as factual allegations are not given a presumption of truthfulness, and
5 "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a
6 motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9thCir. 1998).

7 **II. TITLE VII CLAIMS**

8    It appears that Plaintiff is attempting to bring claims against her employer for
9 violations of Title VII, including gender discrimination, hostile work environment, and
10 retaliation for opposing unlawful practices. Under Title VII, an employer may not
11 "discriminate against any individual with respect to [her] compensation, terms, conditions,
12 or privileges of employment, because of [her] race, color, religion, sex, or national origin."
13 42 U.S.C. § 2000e-2(a).

14    **A. Disparate Treatment: Gender Discrimination**

15    A plaintiff raising a claim of gender discrimination must establish a prima facie case
16 of disparate treatment by introducing evidence that "give[s] rise to an inference of unlawful
17 discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). At this
18 stage, Plaintiff may meet this burden by asserting facts, that if true, would show that "(1) she
19 belongs to a protected class; (2) she was qualified for the position; (3) she was subjected to
20 an adverse employment action; and (4) similarly situated men were treated more favorably."
21 *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (citing *McDonnell*
22 *Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

23    Plaintiff, in her Amended Complaint, appears to be claiming that she was subjected
24 to adverse treatment based on her gender. Even construing the facts in light most favorable
25 to Plaintiff as the non-moving party, Plaintiff's factual allegations fail to set forth sufficient
26 details to state a plausible claim. It is not clear from the Complaint which of the
27 circumstances she believes constituted "disparate treatment" supporting a claim of gender
28 discrimination. Although Plaintiff claims that she "was made to perform more tasks then [sic]

- 3 -

what was required by her job description," she does not assert that similarly situated men were treated more favorably.[3] Additionally, it is unclear what adverse action Plaintiff believes she was subjected to as a result of her gender. Plaintiff has not presented sufficient facts upon which to find her claim to be more than speculative in nature. Thus, the Court concludes that Plaintiff has not met her burden of stating a claim that is facially plausible.

**B. Hostile Work Environment**

To establish a hostile work environment, Plaintiff must show that she was subjected to unwelcome verbal or physical conduct that was severe or pervasive enough to alter the terms and conditions of her employment and create an abusive working environment. *See Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003); *see also Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1065 (9th Cir. 2002). "The working environment must both subjectively and objectively be perceived as abusive." *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir.1995) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993)). Plaintiff must also show that the abusive conduct occurred because of her membership in a protected class. *See Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 872 (9th Cir. 2001).

Plaintiff contends that she experienced "interference and harassment" from her co-workers and supervisor causing her emotional distress and physical illness that required her to take medical leave. Those assertions, taken as true, are sufficient for the Court to draw the reasonable inference that she was subjected to an abusive working environment. However, Plaintiff fails to assert facts that would allow the Court to infer that these alleged actions were due to her membership in a protected class. Accordingly, this claim must be dismissed.

**C. Retaliation**

Title VII prohibits retaliation against an employee because she has opposed any

---

[3] Attached to her sur-reply, Plaintiff has included her Charge of Discrimination, in which she asserts that her male supervisor "would change [her] work schedule and refuse to provide [her] assistance at the cash register; however, [he] would not do these things to male employees." (Doc. 11, Ex. 1). Such facts may support a claim for gender discrimination, but for the reasons stated above, the Court will not consider arguments or evidence attached to Plaintiff's sur-reply.

1 employment practice made unlawful by Title VII, or because she "has made a charge,
2 testified, assisted, or participated in any manner in an investigation, proceeding, or hearing"
3 related to Title VII enforcement. 42 U.S.C. § 2000e-3(a); *see also Nelson v. Pima Cmty.*
4 *Coll.*, 83 F.3d 1075, 1082 (9th Cir. 1996). A plaintiff may assert a claim of retaliation by
5 alleging facts that, if true, would demonstrate that: (1) she engaged in an activity protected
6 by Title VII; (2) her employer subjected her to a materially adverse employment action; and
7 (3) there was a causal link between the protected activity and the adverse action. *Vasquez*,
8 349 F.3d at 646. An action may be found to be materially adverse if it could "dissuade a
9 reasonable worker from making or supporting a charge of discrimination." *Burlington N. &*
10 *Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Title VII does not set forth a "'general
11 civility code for the American workplace.'" *Id.* at 68.

12 Plaintiff alleges that "[she] believes that she has been discriminated against because
13 she opposed a practice made unlawful under the Arizona Civil Rights Act, as amended, and
14 Federal Title VII of the Civil Rights Act of 1964." However, Plaintiff does not allege any
15 additional facts beyond this vague assertion. Further it is unclear from the Complaint which,
16 if any, of Defendant's actions she considers to be a materially adverse employment action
17 for purposes of this claim. Plaintiff's retaliation claim fails to allege more than "labels and
18 conclusions", and therefore must be dismissed.

19 **III. FMLA**

20 In addition to her Title VII claims, Plaintiff contends that Defendant's adverse actions
21 caused her to ask for leave under the FMLA. Although not entirely clear from the face of
22 the Amended Complaint, Plaintiff appears to allege that her taking FMLA leave prompted
23 her supervisor to take adverse action against her upon her return from that leave.

24 A plaintiff may make a claim for interference under the FMLA by showing that: "(1)
25 [she] took FMLA-protected leave, (2) [she] suffered an adverse employment action, and (3)
26 the adverse action was causally related to [her] FMLA leave." *Foraker v. Apollo Grp., Inc.*,
27 427 F.Supp.2d 936, 941 (D. Ariz. 2006); *see also Bachelder v. Am. W. Airlines, Inc.*, 259
28 F.3d 1112, 1124–26 (9th Cir. 2001). However, "'[n]ot every employment decision amounts

- 5 -

1    to an adverse employment action.'" *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir.
2    2000) (quoting *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 869 (9th Cir. 1996)).
3    "[T]ermination, dissemination of a negative employment reference, issuance of an
4    undeserved negative performance review and refusal to consider for promotion" qualify as
5    adverse employment actions. *Id.*

6    Here, Plaintiff alleges that after being subjected to a hostile work environment, she
7    "had to ask to go on Unforeseen Intermittent Family Medical Leave." (Doc. 1-1). Plaintiff
8    asserts that upon return from that leave, she was "told to leave the store" by her supervisor.
9    (*Id.*). The Court assumes that Plaintiff is asserting that her supervisor's order that she leave
10   the store is the "adverse employment action." However, it is unclear from Plaintiff's
11   Complaint whether she is asserting that she was told to leave the store that day because of
12   her FMLA leave. In her Response, Plaintiff states that when she "invoked her Intermittent
13   FMLA she was asked to leave the store because she was being insubordinate." (Doc. 9).
14   Thus, the order of events is also unclear. If, in fact, Plaintiff's supervisor considered her
15   "insubordinate" for taking FMLA leave and sent her home, then Plaintiff may be able to
16   assert a claim. However, the Amended Complaint currently falls short of the pleading
17   standard, and therefore, Plaintiff's FMLA claim is dismissed.

## CONCLUSION

19   Because Plaintiff fails to allege sufficient facts necessary to raise her right to relief
20   above the speculative level, Plaintiff's Amended Complaint is dismissed without prejudice.
21   The Court "should freely give leave [to amend] when justice so requires", FED. R. CIV. P.
22   15(a)(2), and thus Plaintiff shall have **30 days** from the date of this Order in which to file a
23   second amended complaint. Should Plaintiff wish to allege additional causes of action, she
24   should include those claims in her detailed amended complaint and set forth the necessary
25   elements of those claims.

26   **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is
27   **GRANTED**, without prejudice.

28   **IT IS FURTHER ORDERED** that Plaintiff is granted **30 days** from the date of this

- 6 -

1 | Order in which to file a second amended complaint.

2 | DATED this 10th day of May, 2011.

*H. Murray Snow*
G. Murray Snow
United States District Judge

Case 2:10-cv-02519-GMS   Document 12   Filed 05/10/11   Page 8 of 8